<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN W. CREAMER, | : |
| Plaintiff, | : Civ. No. 07-631 (RMB) (MJS) |
| v. | : |
| JAMES P. LYNCH, et al., | : **OPINION** |
| Defendants. | : |

BUMB, District Judge

## I. INTRODUCTION

Plaintiff John W. Creamer is a state prisoner currently detained at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court are motions by two separate set of Defendants for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). First, Defendants Charles Antrilli, Michael Barney, George Berghard, Ken Eller, Mark Ridge and Jon Shelly (hereinafter the "Police Defendants") have filed a motion for judgment on the pleadings. Defendants Fawn Ackerman, James Bruno, John Greer, James P. Lynch, Gregory Smith, Diane Wilson and Eric Wren (hereinafter the "CCPO Defendants") have also filed a motion for judgment on the pleadings. For the following reasons, the Police Defendants' motion is denied in part and granted in part and the CCPO Defendants' motion is denied.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss an action for failure to state a claim upon which relief may be granted. In evaluating a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir.2009) (quoting *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 233 (3d Cir.2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In making this determination at the motion to dismiss stage, a court must take three steps. *See Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir.2010). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal,* 129 S. Ct. at 1947). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (citing *Iqbal,* 129 S. Ct. at 1950). "Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal,* 129 S. Ct. at 1950).

At the motion to dismiss stage, "[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)); *see also Lum v. Bank of*

*Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) ("[A] prior judicial opinion constitutes a public record of which a court may take judicial notice, [but] it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion."), *abrogated in part on other grounds by*, *Twombly,* 550 U.S. 544.

Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim. *See Turbe v. Gov't of V.I.,* 938 F.2d 427, 428 (3d Cir. 1991) (citations omitted); *see also Gebhart v. Steffen,* 574 F> App'x 156, 158 (3d Cir. 2014).

III.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff seeks monetary relief from the Police and CCPO Defendants for the purported inadequate medical care he received for his diabetes. Plaintiff states he went to the Oaklyn Police Department on March 20, 2006 at 7:00 am to report a crime that took place in his apartment. (*See* Dkt. No. 1 at 11.) At that time, he told Defendant Antrilli he was a diabetic, insulin dependent and requested medical attention. Antrilli stated he would inform his superior – Chief of Police John Shelly. Plaintiff did not receive medical care at the Oaklyn Police Department though and was transported to the Gloucester City Police Department ("GCPD"). (*See id.*)

Now at the GCPD, Plaintiff was turned over to Defendants Ridge, Barney, Bergland and Eller. (*See id.*) Plaintiff again explained to all the officers present that he was insulin dependent and was suffering from severe thirst and the need to urinate. However, the officers denied Plaintiff medical attention. (*See id.*)

At approximately 10:00 a.m. on March 20, 2006, Plaintiff was transferred to the CCPO. (*See id.*) For six hours, Plaintiff requested insulin but CCPO investigators denied his requests. (*See id.* at 12.) At 5:00 p.m., investigators placed Plaintiff in a holding cell. At some point, Plaintiff passed out and woke up on the cell floor cold and feeling nauseous and weak. Defendant Wilson then arrived and Plaintiff told her an investigator explained Plaintiff would receive treatment if he cooperated. Thereafter, Plaintiff confessed to a crime he "witnessed and reported" only so he could get medical attention. (*See id.* at 13.)

Plaintiff was then transported to a hospital for treatment. (*See id.*) Plaintiff remained hospitalized for three days as medical staff tried to lower his blood sugar. (*See id.*)

Plaintiff filed this complaint in February, 2007. (*See* Dkt. No. 1.) Plaintiff seeks monetary damages from the Police and CCPO Defendants for their deliberate indifference to his serious medical needs. (*See id.* at 18-21.)

On November 5, 2007, Magistrate Judge Schneider stayed this action. (*See* Dkt. No. 69.) Plaintiff had an underlying criminal case for murder pending in state court arising at least in part from his March 20, 2006 statements to investigators such that the matters of this civil case were inextricably intertwined with that separate state criminal prosecution. (*See id.* at 2.)

On February 25, 2021, as Plaintiff's criminal action was now complete, this Court reopened this matter and permitted Defendants to file either a motion to dismiss or motion for summary judgment. (*See* Dkt. No. 115.) The Police and CCPO Defendants filed separate motions for judgment on the pleadings on March 29, 2021. (*See* Dkt. Nos. 116 & 117.) Plaintiff opposes both motions. (*See* Dkt. Nos. 119 & 121.)

4

IV.   DISCUSSION

  A.   <u>Police Defendants Motion for Judgment on the Pleadings</u>

  1.   *Heck*

The Police Defendants first argue they are entitled to judgment on the pleadings because a finding in Plaintiff's favor on his deliberate indifference claims would necessarily imply the invalidity of his state criminal conviction. The Police Defendants note Plaintiff was convicted of manslaughter after this matter was stayed in the underlying state criminal action. During his trial and appeal, Plaintiff challenged unsuccessfully that the statements he gave investigators on March 20, 2006 should be suppressed because they were the result of improper coercion as Plaintiff was denied adequate medical care.

Police Defendants rely on the United States Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) in seeking judgment on the pleadings. *Heck*

> proscribes a § 1983 plaintiff's right to recovery for certain causes of action if the plaintiff has been criminally convicted of charges directly related to the § 1983 claim. [*Heck,* 512 U.S.] at 486. *Heck* dealt with a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* In such a case, a plaintiff must show that the conviction or sentence has been overturned on appeal, or otherwise declared invalid or called into question. *Id.* at 486–87. Thus, if a plaintiff cannot make such a showing in a § 1983 suit, the district court must determine whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.*

*Elliot v. Gloucester City,* No. 12–7440, 2014 WL 3446496, at *3 (D.N.J. July 11, 2014).

The Police Defendants rely on factual findings in Plaintiff's state court opinions by the trial, appellate and post-conviction relief courts as well as this Court's habeas decision related to his care while meeting with the Police and CCPO Defendants on March 20, 2006.

5

While this Court can take judicial notice of the existence of these court opinions, it cannot, on a motion for judgment of the pleadings, take judicial notice of the purported truth of the facts stated therein. *See Lum*, 361 F.3d at 221 n.3; *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (noting at motion to dismiss stage court may take judicial notice of the existence of another court's opinion, but not for the truth of the facts recited therein). The Police Defendants' reliance on other courts' factual findings determined <u>after</u> Plaintiff filed his complaint in this matter is more appropriate in a motion for summary judgment. *Accord Muhammad v. Sarkos*, No. 12-7206, 2014 WL 4418059, at *5 (D.N.J. Sept. 8, 2014) (citing *Hoog–Watson v. Guadalupe Cnty., Tx.*, 591 F.3d 431, 435 (5th Cir.2009) (*"Heck* decisions fit comfortably within typical summary judgment practice."). These factual findings are certainly <u>relevant</u> to a *Heck* type defense, but not <u>integral</u> to the complaint itself which was filed months and in some cases years prior to those judicial decisions' factual findings. Simply put, the Police Defendants cannot rely on the purported truths of those opinions in this motion for judgment on the pleadings. Accordingly, the Police Defendants are not entitled to judgment on the pleadings based on *Heck*.

    2. *Failure to State a Claim Upon Which Relief may be Granted*

The Police Defendants next argue Plaintiff has failed to state a claim against them upon which relief may be granted. More specifically, they argue they had no obligation to provide medical care to Plaintiff and that the complaint fails to allege any of them were deliberately indifferent to a serious medical need.

"To succeed on a [Fourteenth] Amendment medical care claim, 'a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to [his or

her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Miller v. Steele-Smith*, 713 F. App'x 74, 78 (3d Cir. 2017) (quoting *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)). A prison official is deliberately indifferent when he/she (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Miller*, 713 F. App'x at 79 (quoting *Rouse*, 182 F.3d at 197). "[A] plaintiff cannot show deliberate indifference simply by demonstrating negligence in addressing a medical condition or a disagreement over the course of treatment received." *Id.* (quoting *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence") (additional citations omitted). A defendant's duty to provide adequate medical care attaches when the state takes that person into custody. *See Deshaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189, 199–200 (1989) ("When the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being.").

Police Defendants argue Plaintiff does not allege there was a restraint on his liberty when he met with them. In part, they rely on facts as stated in a 2012 New Jersey Superior Court opinion which states Plaintiff was not arrested until after he invoked his right to remain silent at the CCPO. (*See* Dkt. No. 116 at 34 n.7 (citing *State v. Creamer*, 2012 N.J. Super. Unpub. LEXIS 1008, at *4 (App. Div.)).) However, for the reasons discussed *supra*, the Police Defendants cannot rely on the purported truth of facts as stated in this opinion in this motion for judgment on the pleadings. Furthermore, Plaintiff indicates he was

7

"transported" to the GCPD and "turned over" to officers there. (*See* Dkt. No. 1 at 11.) These allegations at least suggest some type of possible restraint on his liberty while he met with the Police Defendants.

Next, the Police Defendants argue Plaintiff does not allege he had observable symptoms which indicated a need for immediate medical attention. More specifically, they assert:

> [g]iving Plaintiff the benefit of every inference, at most, Plaintiff advised the Police Defendants he was an insulin dependent diabetic at 7:00 a.m. He was indisputably offered insulin by 1:30 p.m., at which time he declined the offer. There is no allegation in the record that Plaintiff suffered any damage as a result of the alleged delay in providing him treatment.

(Dkt. No. 116 at 37.)[1]

Police Defendants again rely on the purported truth of facts taken from the state courts' decisions and documents regarding when Plaintiff was offered and/or refused insulin. This is improper at this judgment of the pleadings stage.

Additionally, contrary to the Police Defendants argument, the complaint does allege damages because of the purported delay in treatment. For example, he alleges he passed out in his cell when he did not receive treatment. Furthermore, he claims he had to spend three days in the hospital as medical personnel attempted to lower his blood sugar. Therefore, the Police Defendants are not entitled to dismissal of the complaint based on these arguments.

---

[1] Police Defendants do not contest that Plaintiff's insulin dependency is a serious medical need. *See Pongrac v. New Jersey Dep't of Corr.*, No. 12-3131, 2013 WL 1008668, at *4 (D.N.J. Mar. 13, 2013).

Finally, Defendant Shelly individually argues he is entitled to judgment on the pleadings because Plaintiff has failed to allege his personal involvement in the deliberate indifference to Plaintiff's serious medical needs.

Shelly is the Chief of Police. Plaintiff cannot base his claims against Shelly under a *respondeat superior* theory of liability. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). However, with respect to supervisors, the United States Court of Appeals for the Third Circuit has

> recognized that "there are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quotation and alteration marks omitted).

*Parkell*, 833 F.3d at 330. More specifically:

> supervisory liability "may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or if the supervisor's actions and inactions were 'the moving force' behind the harm suffered by the plaintiff." *Jackson v. Taylor*, 2006 WL 2347429, at *2 (D. Del. 2006).
>
> A defendant could be held liable for personal involvement, but for there to be personal involvement, "[a]negations of participation or actual knowledge and acquiescence…must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

*Szemple v. Rutgers*, No. 10-5445, 2016 WL 1228842, at *5 (D.N.J. Mar. 29, 2016).

Plaintiff does not allege a pattern or practice that would potentially make Shelly liable under that theory. Furthermore, he fails to allege with any facial plausibility that Shelly participated in violating Plaintiff's rights or directed others to violate Plaintiff's rights.

Plaintiff's personal knowledge allegations with respect to Shelly are limited Antrilli's statement to Plaintiff that he was going to inform Shelly about Plaintiff's requests for medical attention. However, there is no allegation that Shelly was ever in fact so informed. Accordingly, the complaint insufficient to state a deliberate indifference claim against Shelly with any facial plausibility. Therefore, Shelly is entitled to judgment on the pleadings.

    B.  CCPO Defendants' Motion for Judgment on the Pleadings

        1.  *Heck*

The CCPO Defendants, like their Police Defendants counterparts, assert they are entitled to judgment on the pleadings pursuant to *Heck*. However, as this Court explained *supra*, such an argument is more appropriately brought in a motion for summary judgment based on the circumstances of this case. Accordingly, the CCPO Defendants are not entitled to judgment on the pleadings based on *Heck*.

        2.  *Qualified Immunity*

Next, the CCPO Defendants argue they are entitled to qualified immunity. "'The doctrine of qualified immunity protects government officials from liability for civil damages as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ray v. Twp. of Warren,* 626 F.3d 170, 173 (3d Cir. 2010) (quoting *Pearson v. Callahan,* 555 U.S. 223, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009)). "[I]f a reasonable officer is not on notice that his or her conduct under the circumstances is clearly unlawful, then application of qualified immunity is appropriate." *Id.* "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law." *Id.* at 173–74 (quoting *Malley v. Briggs,* 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)).

In deciding whether a governmental official is entitled to qualified immunity, a court examines: (1) whether the facts alleged make out a violation of a constitutional right; and (2) if so, whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *See Pearson,* 555 U.S. at 815–16. Courts are permitted to address either prong of the analysis first considering the circumstances at hand. *See id.* at 236. The defendants bear the burden to prove qualified immunity. *See Thomas v. Independence Twp.,* 463 F.3d 285, 292 (3d Cir.2006) (citation omitted). "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorse,* 328 F. App'x 788, 791 n.3 (3d Cir. 2009).

In support of their qualified immunity argument, the CCPO Defendants rely on the truth of purported facts cited by the state courts and this Court's opinions in Plaintiff's criminal and habeas proceedings respectively. As noted above though, this is improper at the judgment of the pleadings stage because the CCPO Defendants seek not only judicial notice of these opinions, but seek this Court to hold them true for the matters asserted therein. Accordingly, the CCPO Defendants are not entitled to judgment on the pleadings based on qualified immunity.

V.   CONCLUSION

For the foregoing reasons, the Police Defendants' motion for judgment on the pleadings is granted in part and denied in part. Judgment on the pleadings is awarded to Defendant Shelly on Plaintiff's claims against him. The Police Defendants' is denied in all other respects. The CCPO Defendants' motion for judgment on the pleadings is denied. The

Defendants shall have an opportunity to file a motion for summary judgment should they elect to do so. An appropriate order will be entered.

DATED:  <u>October 15, 2021</u>                              <u>s/ Renée Marie Bumb</u>
                                                                                    RENÉE MARIE BUMB
                                                                                    United States District Judge