UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN W. CREAMER,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES P. LYNCH, et al.,<br><br>          Defendants. | Civil Action No. 07-631 (KMW) (MJS)<br><br>**MEMORANDUM ORDER** |

      This matter comes before the Court on Plaintiff John W. Creamer's request for an update as to the entry of a final appealable order in this matter. (ECF No. 142.) By way of background, Plaintiff filed his complaint in this matter in 2007. (ECF No. 1.) Later that same year, Defendants in this matter filed answers to the complaint, which included crossclaims against one another for indemnification. (*See* ECF Nos. 9, 19, 47.) Following a lengthy stay of Plaintiff's case, the case was reopened in 2020. (*See* ECF No. 115.) Litigation thereafter culminated in motions for summary judgment (ECF Nos. 125-26), which this Court granted in June 2022. (ECF Nos. 125-36.) Although the grant of summary judgment resulted in the entry of judgment in favor of the defendants on all of Plaintiff's claims, Defendants did not seek to resolve their cross-claims following the grant of summary judgment. (*See* ECF Docket Sheet.)

      Following the grant of summary judgment, Plaintiff sought to appeal this Court's decision. (ECF No. 137.) However, the Third Circuit dismissed that appeal for lack of jurisdiction in December 2022, because the Defendants' cross-claims had not been resolved. (*See* ECF No. 140.) As the Third Circuit explained, for Plaintiff to perfect his appeal, he would either need to seek an order terminating Defendants' cross-claims, or move pursuant to Rule 54(b) for an order certifying a final judgment as to his claims. (*Id.*)

On January 18, 2023, Plaintiff submitted a letter to this Court requesting to progress towards a final judgment so that he can appeal. (ECF No. 142.) However, Plaintiff's letter, makes no mention of Rule 54(b), and does not explicitly request the certification of his claims. Pursuant to Rule 54(b), to obtain a certification of judgment, a party seeking such a certification must convince the Court that a final judgment as to one, but not all claims is required and that there is no just reason to delay judgment as to the completed claims. As Plaintiff has not presented any argument on that issue, his request for an appealable judgment is denied without prejudice. To the extent Petitioner wishes to seek an appealable judgment in the event that this matter is not concluded in the near future, he may do so by filing a formal motion pursuant to Rule 54(b), and set forth the reason he believes that there is no just reason for further delay.

Although Plaintiff's request shall be denied without prejudice, the Court notes that Defendants have made no move to prosecute or withdraw their cross-claims following the entry of summary judgment and the passage of more than six months. Pursuant to Rule 41, this Court may dismiss claims for lack of prosecution where the requisite factors warrant same or it appears that the defendant who raised such a claim has indicated a desire to abandon the claim. *See, e.g., Alcatel-Lucent USA Inc. v. Borlabi*, No. 13-4543, 2016 WL 3406227, at *5 (D.N.J. June 16, 2016). As Defendants have taken no steps to resolve their counterclaims, it fully appears that they have abandoned those claims. Therefore, within thirty days, Defendants shall either withdraw their counterclaims, or show cause why they should not be dismissed. Failure to respond within the designated time frame will result in Defendants' counterclaims being dismissed for lack of prosecution.

**IT IS THEREFORE** on this **10th** day of February, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter; and it is further

**ORDERED** that Plaintiff's informal request for a final judgment (ECF No. 142) is **DENIED WITHOUT PREJUDICE** to Petitioner filing a formal motion request pursuant to Rule 54(b) within thirty (30) days; and it is further

**ORDERED** that Defendants shall either withdraw their cross-claims or show cause why those claims should not be dismissed for failure to prosecute within thirty (30) days, failure to respond shall result in all cross-claims being dismissed; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Defendants electronically and upon Plaintiff by regular mail.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge