UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN W. CREAMER,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES P. LYNCH, et al.,<br><br>  Defendants. | Civil Action No. 07-631 (KMW) (MJS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff John W. Creamer's motion seeking the entry of a final appealable order pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 146.) By way of background, this Court granted Defendants summary judgment as to all of Plaintiff's claims in April 2022. (ECF No. 136.) Plaintiff appealed, but the Third Circuit dismissed his appeal as the Court of Appeals deemed the order on the summary judgment motion as a non-final order insomuch as neither set of Defendants sought to dismiss their cross-claims against one another and those claims remained pending. (*See* ECF Nos. 139-41.) This Court therefore entered an order directing Defendants to either dismiss their cross-claims or show cause why they should not be dismissed within thirty days. (ECF No. 143.) Following that order, Defendants filed a stipulation of dismissal as to all remaining cross-claims (ECF No. 144), which this Court signed and entered on March 9, 2023. (ECF No. 145.) As of that order, then, no pending claims remain in this matter, and the March 9, 2023, dismissal of all remaining cross-claims is therefore a final appealable order.

Plaintiff now asks this Court to enter an appealable order pursuant to Rule 54(b). (ECF No. 146.) Such an order would only be necessary if there were no final appealable order on the docket of this matter. Because the dismissal of all cross-claims resolved the only claims

outstanding in this matter, and all claims have been resolved, that order represents a final, appealable order. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (an order that "leaves nothing for the court to do but execute the judgment" as all claims have been dismissed or decided on the merits is a final appealable order). Because a final order has been entered, there is no basis to enter a separate appealable order pursuant to Rule 54(b), and Plaintiff's request for such an order is moot. To the extent Plaintiff wishes to press his appeal, he may do so by filing an appeal from the Court's March 9, 2023, order coupled with the previous entry of summary judgment.

**IT IS THEREFORE** on this 28th day of March, 2023,

**ORDERED** that Plaintiff's motion seeking the entry of an appealable final order (ECF No. 146) is **DENIED WITHOUT PREJUDICE** as moot in light of the entry of a final order as to all remaining outstanding claims on March 9, 2023 (ECF No. 145); and it is further

**ORDERED** that to the extent he wishes to pursue his appeal, Plaintiff may now do so by filing a notice of appeal as to the March 9, 2023, order; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Defendants electronically and upon Plaintiff by regular mail, and shall **CLOSE** the file.

*Karen M. Williams*
───────────────────────
Hon. Karen M. Williams,
United States District Judge

2